IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00270-D

| | |
|---|---|
| VICTORIA L. TAYLOR, *individually and as executrix of the estate of Brandon C. Taylor, and as mother and guardian ad litem of minor children CCT and BLT*, </br>  </br> Plaintiff, </br>  </br> v. </br>  </br> MCGILL ENVIRONMENTAL SYSTEMS OF N.C., INC., </br>  </br> Defendant. | ORDER |

This matter comes before the court on several motions, namely (1) Plaintiff's Motion to Modify the Scheduling Order to Set a Date Certain for the Rule 30(b)(6) Deposition, to Extend the Time for the Naming of Experts, and for an Expediting Hearing [DE-28]; (2) Plaintiff's Motion to Allow Amendment of Deemed Admissions or to Extend Time for Service of Responses to Requests for Admissions [DE-30]; (3) Plaintiff's Motion for Leave to Amend the Complaint [DE-32]; (4) Plaintiff's Motion to Compel Rule 30(b)(6) Deposition [DE-44]; (5) Defendant's Motion for Protective Order [DE-47]; and (6) Defendant's Motion to Compel [DE-53]. All briefing is complete, and the motions are ripe and have been referred to the undersigned for disposition. [DE-55]. For the reasons that follow, Plaintiff's Motion to Modify the Scheduling Order [DE-28] is denied as moot, Plaintiff's Motion to Allow Amendment of Deemed Admissions [DE-30] is allowed, Plaintiff's Motion for Leave to Amend the Complaint is [DE-32] allowed, Plaintiff's Motion to Compel [DE-44] is denied, Defendant's Motion for Protective Order [DE-47] is allowed, and Defendant's Motion to Compel [DE-53] is allowed in part and denied in part.

## I. BACKGROUND

Plaintiff filed the complaint initiating this matter on December 19, 2013, alleging claims for wrongful death, negligence, loss of consortium, and punitive damages arising out of the death of Plaintiff's husband, Brandon Taylor. Compl. [DE-1]. The complaint alleges that Taylor, an employee at the Smithfield Packing Plant, inhaled toxic hog waste gas while draining hog wastewater sludge from the plant's overhead storage tank into the tanker truck owned by Defendant McGill, which resulted in Taylor's death. *Id.* ¶¶ 1, 4. The court entered the Scheduling Order on March 6, 2014, with the following relevant provisions: reports from retained experts due by November 21, 2014, and from rebuttal experts by December 19, 2014; discovery to be completed by March 13, 2015; and potentially dispositive motions to be filed by April 17, 2015. [DE-13] at 1 ¶¶ 2-4. The Scheduling Order further provided that "motions . . . to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after May 30, 2014, must meed the standards of Fed. R. Civ. P. 15 and 16." *Id.* at 2. On April 17, 2014, Defendant filed an amended answer and third party complaint against The Smithfield Packing Company, Incorporated ("Smithfield") [DE-14], but voluntarily dismissed Smithfield from this action on June 26, 2014 [DE-26].

On November 11, 2014, Plaintiff filed the Motion to Modify the Scheduling Order to Set a Date Certain for the Rule 30(b)(6) Deposition, to Extend the Time for the Naming of Experts, and for an Expediting Hearing [DE-28], on November 12, Plaintiff filed the Motion to Allow Amendment of Deemed Admissions or to Extend Time for Service of Responses to Requests for Admissions [DE-30], and on November 14, Plaintiff filed the Motion for Leave to Amend the Complaint [DE-32]. On December 23, 2014, Plaintiff filed her Motion to Compel Rule 30(b)(6)

2

Deposition [DE-44] and Defendant filed its Motion for Protective Order [DE-47]. On February 10, 2015, Defendant filed its Motion to Compel [DE-53].

## II. DISCUSSION

### A. Plaintiff's Motion to Modify the Scheduling Order to Set a Date Certain for the Rule 30(b)(6) Deposition, to Extend the Time for the Naming of Experts, and for an Expediting Hearing [DE-28].

Plaintiff moves the court to order Defendant to make its 30(b)(6) designee available for deposition no later than January 16, 2015 and to extend the deadline in the Scheduling Order for expert designations to February 13, 2015, and for rebuttal expert designations to March 2, 2015. Pl.'s Mot. [DE-28] at 1-3. On November 21, 2014, Plaintiff filed a Notice of Service of Rule 26 Expert Witness Disclosures, indicating that Plaintiff served on Defendant her expert witness reports and designations pursuant to Rule 26(a)(2). [DE-36]. On December 19, 2014, Plaintiff filed a Notice of Service of Rule 26 Rebuttal Expert Witness Disclosures, indicating that Plaintiff served on Defendant her rebuttal expert witness reports and designations pursuant to Rule 26(a)(2). [DE-42]. As Plaintiff acknowledges in a later filing, her disclosure of experts subsequent to the filing of the instant motion renders it moot. [DE-51] at 2 n.2. Accordingly, Plaintiff's motion [DE-28] is denied as moot.

### B. Plaintiff's Motion to Allow Amendment of Deemed Admissions or to Extend Time for Service of Responses to Requests for Admissions [DE-30].

Plaintiff moves the court to allow her to amend deemed responses made to three of Defendant's Request for Admissions ("RFA"). Pl.'s Mot. [DE-30] at 1. Plaintiff served responses to Defendant's RFAs nine days after the deadline to respond and admitted all but three of the requests. *Id.* at 1-2. Plaintiff contends that she could not admit or deny RFA Nos. 7, 8, and 9 due

3

to a defect in the wording. *Id.* at 2. The requests at issue read as follows:

> 7. Admit that the Deceased had previously asked Smithfield supervisors for a respiratory to use while loading the sludge into the tanker trailers.
>
> 8. Admit that the Deceased was denied use of a respiratory to use while loading the sludge into the tanker trailers on the date of the incident.
>
> 9. Admit that the Deceased was not using a respiratory while loading the sludge into the tanker trailers on the date of the incident.

Def.'s RFA [DE-31-1] ¶¶ 7-9.

Plaintiff contends that the word "respiratory" appears to have been used in error and that deeming these requests as admitted does not serve the interest of justice or assist the jury because they are incomprehensible. Pl.'s Mem. [DE-31] at 5-6. Plaintiff asserts that assuming "respiratory" was intended to be "respirator," then Plaintiff would deny RFA Nos. 7 and 8 and admit RFA No. 9. *Id.* at 5. Plaintiff asks the court to either allow amendment of the responses pursuant to Rule 36(b) or to find excusable neglect and deem Plaintiff's untimely responses timely filed. *Id.* at 5-9. Defendant admits that "respiratory" was intended to be "respirator," Def.'s Resp. [DE-39] at 2 n.1, but argues that this typographical error provides no basis for allowing Plaintiff to amend the deemed responses or for a finding of excusable neglect. *Id.* at 2-7. Defendant argues that it would be prejudiced by the amendment because if RFA Nos. 7 and 8 are denied Defendant will need to conduct costly discovery to develop those facts. Def.'s Resp. [DE-39] at 3-4.

The Federal Rules provide for the amendment of a deemed admission where it "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

4

As review of the Rule 36(b) standard establishes, the decision to allow a party to withdraw its admission is quintessentially an equitable one, balancing the right to a full trial on the merits, including the presentation of all relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute. *See generally Westmoreland v. Triumph Motorcycles Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976). In effecting this balance, considerable weight must be given the substantial interest of the parties in a complete trial on the merits. Nevertheless, "[t]here is force to the argument that [ ] courts should be cautious in permitting withdrawal or amendment of admissions." Wright & Miller, Federal Practice and Procedure: Civil § 2264 (1970 and Supp.1985). *See also 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

*Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658 (E.D.N.C. 1988).

First, RFA Nos. 7 and 8 do not make sense as written and allowing them to be corrected and answered as amended promotes "the presentation of the merits." Fed. R. Civ. P. 36(b). Additionally, the purpose of Rule 36, "to narrow the issues, thereby avoiding litigation of unessential and undisputed facts," is not well-served here by denying Plaintiff the opportunity to amend. *BB&T*, 120 F.R.D. at 660 (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)). The facts at issue appear to be material, and it is unclear whether these facts are undisputed where Plaintiff has no indication the decedent had previously requested and was denied a respirator and Defendant only knows that other employees requested respirators but does not know whether the decedent made such a request. Def.'s Mem. [DE-39] at 3-4. Therefore, allowing amendment here would promote the presentation of the merits.

Next, the court is not persuaded by Defendant's assertion of prejudice. Nine days after Plaintiff's responses were due, Plaintiff served responses and sought clarification indicating that she could not admit or deny the requests at issue because "Plaintiff does not know what a 'respiratory' is." Pl.'s Resp. to RFA [DE-31-2] ¶¶ 7-9. In a letter accompanying the responses, Plaintiff's counsel informed Defendant's counsel that if the intent was to ask whether a respirator was sought, "[w]e

5

are not aware of him asking for one." Oct. 29, 2014 Letter [DE-31-5] at 2. Plaintiff also sought Defendant's consent to allow amendment of the deemed admissions as to the "unintelligible requests." *Id.* at 3.

Plaintiff promptly filed the instant motion after Defendant declined to consent. *See Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D.N.C. 1998) (allowing amendment of deemed admissions, where responding party "quickly responded" after being notified of its failure and served responses 12 days after the deadline). Further, the fact that Defendant may need to conduct discovery on the matter is not sufficient to show prejudice. *Tower Partners, L.L.C. v. Beaver Creek Co.*, No. 7:95-CV-64-BR3, 1996 WL 578517, at *4 (E.D.N.C. May 16, 1996) (unpublished) ("While binding Defendants to the admissions would certainly ease Plaintiff's burden substantially, it does not show that it will be prejudiced in presenting its case on the merits."). While Defendant asserts that it would require further depositions and has only a limited number remaining under the Scheduling Order, the fact that Defendant was made aware of the disputed issue within nine days of the initial deadline to respond undermines the assertion of prejudice. For example, Defendant has not asserted that it took depositions it otherwise would not have or changed litigation strategy in reliance on Plaintiff's admissions during the interim nine-day period prior to receiving Plaintiff's responses. *See Deutz-Allis Corp.*, 120 F.R.D. at 659 ("When a party directs its resources, fiscal, physical and otherwise, to those issues it reasonably believes are the only ones left to be resolved, an abrupt change in the status of the litigation occasioned by motion of opposing counsel, which had it occurred early on would likely have effected a distinctly different allocation of resources, should only be allowed upon a showing that the Rule 36(b) test is met by clear and convincing evidence."). Furthermore, any potential prejudice may be ameliorated by allowing

6

Defendant to take additional discovery.

Accordingly, Plaintiff's motion [DE-30] is allowed and RFA Nos. 7, 8, and 9 and the responses thereto are amended as follows:

> 7. Admit that the Deceased had previously asked Smithfield supervisors for a <u>respirator</u> to use while loading the sludge into the tanker trailers.
>
> RESPONSE: <u>Denied</u>.
>
> 8. Admit that the Deceased was denied use of a <u>respirator</u> while loading the sludge into the tanker trailers on the date of the incident.
>
> RESPONSE: <u>Denied.</u>
>
> 9. Admit that the Deceased was not using a <u>respirator</u> while loading the sludge into the tanker trailers on the date of the incident.
>
> RESPONSE: Admitted.

(amendment denoted by emphasis). The deadline to complete discovery shall be extended until **May 13, 2015**, to allow Defendant to explore those issues, and the deadline for dispositive motions is concurrently extended until **June 12, 2015**. The court is confident counsel can reach an agreement to accommodate any additional depositions or other discovery necessitated by the amendment.

## C.   Plaintiff's Motion for Leave to Amend the Complaint [DE-32].

Plaintiff seeks to amend the complaint to add additional facts relevant to her punitive damages claim that were obtained from a non-party after Defendant objected to producing the information in discovery. Pl.'s Mem. [DE-34] at 2-6. Specifically, Plaintiff asserts that she obtained documents through a public records request to North Carolina's Occupational Safety and Health Administration ("OSHA") office and that those documents reflect (1) relevant safety concerns such as lack of adequate lighting for work at night, lack of guard rails on a tanker, and assessment of

7

penalties for improper respirator practices, and (2) evidence of other employees injured from exposure to wastewater sludge gases while working on Defendant's tankers. *Id.* at 6-11. Plaintiff asserts that she only seeks to clarify her claim for damages by adding additional facts and reorganizing the complaint (i.e., dropping the separate, independent claims for loss of consortium and punitive damages and alleging these damages as part of her Wrongful Death Act claim, which she asserts provides for loss of consortium and punitive damages). *Id.* at 14. Defendant contends that Plaintiff has failed to demonstrate good cause to amend the complaint where she delayed in seeking discovery from Defendant and other sources and proposes 99 new paragraphs of factual allegations that change the focus of the case and would require significant additional discovery on the part of Defendant. Def.'s Resp. [DE-40] at 4-11.

The Scheduling Order provides that "motions . . . to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after May 30, 2014, must meed the standards of Fed. R. Civ. P. 15 and 16." [DE-13] at 2. Plaintiff filed her motion to amend on November 14, 2014, and must therefore meet the standards of Rule 15 and 16.

Rule 15 provides that upon a request to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, "a motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvisian*, 535 F.3d 295, 298 (4th Cir. 2008). Notwithstanding the general provisions of Rule 15, where the time for amendments set forth in a scheduling order has passed, an additional "good cause" requirement must first be satisfied, pursuant to Rule 16. *Id.*; Fed. R. Civ. P. 16(b)(4). Good cause is shown where "evidence supporting the proposed amendment

8

would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (quoting *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003)). The "'movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.'" *Id.* at 506 (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)).

Plaintiff has been diligent in conducting discovery. Plaintiff deposed Defendant's plant manger, Anthony Teachy, on April 24, 2014. Decl. of Linda Wike ("Wike Decl.") [DE-29-5] ¶ 9. Plaintiff served written discovery on Defendant on May 20, 2014, and subsequently granted Defendant first a two-week then an additional one-week extension to respond. Email Correspondence [DE-29-2] at 1-5. Defendant served responses on July 14, 2014, but indicated its storage provider was having difficulty locating a number of boxes that Defendant believed contained relevant, non-privileged information that would be produced as soon as practical. July 14, 2014 Letter [DE-29-3] at 2. On July 23, 2014, Plaintiff's counsel notified Defendant's counsel that the responses were "woefully inadequate and incomplete" and detailed the perceived deficiencies. July 23, 2014 Letter [DE-29-4] at 2-9. Defendant provided supplemental and amended discovery responses on July 30, August 11, September 10, 11, 12, October 10, 16, 20, and 24. Wike Decl. ¶ 2. Plaintiff also sought discovery from North Carolina's OSHA office through a public records request and received responsive documents on October 7, 2014. Pl.'s Mem. [DE-34] at 6.

The Scheduling Order provides that motions to amend should be filed promptly after the new information is discovered. Plaintiff received responses to its discovery requests from July 30 through October, received the relevant information from OSHA in early October, conducted further

9

investigation with respect to the subject matter relevant to the amendments, and thereafter promptly filed the motion to amend on November 14, with four months still remaining in the discovery period. *See Dexter v. Lake Creek Corp.*, No. 7:10-CV-226-D, 2013 WL 1898381, at *9 (E.D.N.C. May 7, 2013) (unpublished) (denying motion to amend where plaintiff waited four months after learning new information to seek amendment and both the discovery and dispositive motions deadlines had passed).

Defendant asserts that Plaintiff failed to show good cause because the information Plaintiff seeks to add is from many years ago; however, Defendant concedes such an argument is "best presented at the appropriate time with a properly pending motion to exclude." Def.'s Resp. [DE-40] at 5. Defendant also asserts that Plaintiff could have made the public records request at an earlier time; however, the court will not fault Plaintiff for attempting to obtain the information first through Defendant. *Id.* at 5-7. Finally, Defendant asserts Plaintiff waited four months after filing the case to begin discovery. *Id.* at 6. However, the Federal Rules provide, subject to certain exceptions that do not apply here, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), and the Rule 26(f) conference did not conclude until February 24, 2014, [DE-12] at 1. While Plaintiff could have conducted discovery earlier, the delay was not significant. *See Earp v. Novartis Pharm. Corp.*, No. 5:11-CV-680-D, 2013 WL 4854488, at *1 (E.D.N.C. Sept. 11, 2013) (unpublished) (denying motion to amend for failure to show good cause where plaintiff sought to amend the complaint approximately 21 months after the close of fact discovery and 18 months after the deadline for filing dispositive motions with no explanation for the delay). Accordingly, the court finds Plaintiff has demonstrated good cause under Rule 16.

10

Likewise, the court finds that the requirements of Rule 15 are met in the absence of prejudice, bad faith, or futility. Importantly, it appears the bulk of the factual allegations Plaintiff seeks to add would not be new information to Defendant where the OSHA records pertain to investigations and citations concerning Defendant McGill's own operations and alleged injuries to Defendant McGill's or Smithfield's employees. *See* Def.'s Mem. [DE-40] at 8 ("Defendant McGill has . . . expended significant time and energy in reviewing documents from OSHA and Smithfield . . . ."). Furthermore, the proposed amended complaint does not, as Defendant suggests, add any new claims or change the substance of the litigation, but simply restructures the original complaint and provides supplemental facts. *Compare, e.g.*, Compl. [DE-1] ¶ 3 ("McGill knew the hog waste was hazardous. On one or more occasions before Mr. Taylor's death, other individuals were overcome by the gas and fell off the McGill tankers or were otherwise injured. Also, after McGill tankers came back to its waste reclamation plant and drained out the waste, employees complained of the terrible rotten eggs smell, odors and fumes that it gave off. However, prior to the death, McGill never undertook any appropriate safety precautions to prevent death or serious injury to its employees or to others, including Mr. Taylor."), *with* Proposed First Am. Compl. [DE-34-2] ¶¶ 35-63 (providing specific examples of other employees allegedly injured by fumes); *see Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (concluding district court abused its discretion in denying motion to amend where "all of the allegations sought to be added in [the] first amended complaint derived from evidence obtained during discovery regarding matters already contained in the complaint in some form and . . . merely sought to add specificity to those matters."). Finally, Plaintiff proposes to conduct no new discovery and to the extent Defendant requires additional discovery the court has herein extended the discovery period.

Accordingly, under the liberal standard of Rule 15, Plaintiff's motion to amend is allowed and Plaintiff shall file the amended complaint no later than **March 13, 2015**, and Defendant shall answer or otherwise respond no later than **April 3, 2015**. Counsel shall cooperate in formulating a plan to accomplish any depositions or additional discovery necessitated by the amendment.

## D. Plaintiff's Motion to Compel Rule 30(b)(6) Deposition [DE-44] and Defendant's Motion for Protective Order [DE-47].

Plaintiff asks the court to order that Defendant's Rule 30(b)(6) deponent answer questions on the topic of punitive damages, specifically with respect to Defendant's profits, revenues, and net worth from 2010 through 2014, and further asks that if the deposition must be reopened that it be done at Defendant's expense. Pl.'s Mot. [DE-44] at 1; Pl.'s Mem. [DE-45] at 3. Defendant seeks (1) a protective order preventing Plaintiff from obtaining discovery related to Defendant's financial information in connection with the punitive damages claim until the court has ruled on the Defendant's forthcoming motion for summary judgment, and (2) expenses and attorney's fees associated with bringing the motion. Def.'s Mot. [DE-47] at 1-3.

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000) (unpublished). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to

12

encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

"It is undisputed that 'a defendant's financial position or net worth is relevant to the issue of punitive damages.'" *Jackson-Heard v. Elizabeth City State Univ.*, No. 2:12-CV-8-BO, 2013 WL 594896, at *2 (E.D.N.C. Feb. 15, 2013) (unpublished) (quoting *George Golf Design, Inc. v. Greenbrier Hotel, Inc.*, No. 5:10-01240, 2012 WL 5284510, at *3 (S.D. W. Va. Oct. 23, 2012) (unpublished) & citing *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir. 2004) ("[A] defendant's financial position is a proper consideration in assessing punitive damages.")). "However, a number of courts have required a prima facie showing of entitlement to punitive damages before requiring production of sensitive financial information." *Id.* (citing *E.E.O.C. v. Maha Prabhu, Inc.*, No. 3:07-CV-111-RJC-DCK, 2008 WL 4126681, at *4 (W.D.N.C. July 18, 2008) (unpublished) (holding that tax returns are relevant to a punitive damages claim only after a plaintiff makes a prima facie showing that it is entitled to punitive damages) (citing *Water Out Drying Corp. v. Allen*, No. 3:05cv353-MU, 2006 WL 1642215, at *2 (W.D.N.C. June 7, 2006) (unpublished)); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993)

13

(deferring production of financial information until after punitive damages claim survives a motion to dismiss or for summary judgment)).

Here, Plaintiff contends she has established a prima facie case for punitive damages and is entitled to discovery of the financial information sought. Pl.'s Mot. [DE-45] at 8-9. However, the court finds that here such a determination is more appropriately made on the parties' fully developed motions for summary judgment on the issue of punitive damages. *See Blount*, 162 F.R.D. at 105; *see also Nix v. Holbrook*, No. CIV.A. 5:13-02173, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015) (unpublished) (denying motion to compel production of financial information relevant to punitive damages until after plaintiff's punitive damages claim survives a summary judgment motion). Accordingly, Plaintiff's motion to compel [DE-44] is denied and Defendant's motion for protective order [DE-47] is allowed with the exception of Defendant's request for expenses and attorney's fees, which the court declines to award where Plaintiff's position was substantially justified, Fed. R. Civ. P. 37(a)(5). In the event Plaintiff's punitive damages claim survives summary judgment and the parties are unable to reach agreement on the production of relevant financial information, Plaintiff may renew her motion to compel.

### E.  Defendant's Motion to Compel [DE-53].

Defendant asks the court to compel Plaintiff to supplement her responses to the following discovery requests: (1) Defendant's First Set of Interrogatories, Interrogatory 21, seeking "all financial amounts expended by the Deceased annually for the five (5) years preceding his death," (2) Defendant's Fourth Request for Production of Documents to Plaintiff, seeking copies of Plaintiff's and the decedent's cell phone records for the month of February 2012, and (3) Defendant's Second Set of Interrogatories, seeking the name of the carrier, name of the account holder, phone numbers

14

for all mobile and landline phones for Plaintiff and the decedent from February 2012. Def.'s Mot. [DE-53] at 1-4. Defendant contends that the expense information is relevant to damages, particularly the decedent's consumption rate, and that the phone record information is relevant to a potential contributory negligence defense. *Id.* Defendant further asserts that it attempted to subpoena the phone record information from Verizon, US Cellular, and Sprint after Plaintiff indicated she could not remember their carriers and other information, but that Plaintiff sent a letter to these providers asking that they not turn over the information. Def.'s Mem. [DE-54] at 7.

With respect to the phone records, Plaintiff contends that she has attempted to cooperate in retrieving the requested records from the phone companies but none was available. Pl.'s Resp. [DE-60] at 1-2. Plaintiff also contends that she has offered to cooperate with Defendant to authorize any phone provider to search for and release information directly to Defendant for the time period of February 17 through February 19, which would include the date of decedent's death and one day before and after. *Id.* at 2-3. Plaintiff asserts that Defendant's request for information from the wider time period—all of February 2012—is a fishing expedition. *Id.* at 3. The court disagrees.

Defendant asserts that it seeks to determine whether Plaintiff spoke to the decedent the night of the accident, whether the decedent was texting, talking on, or otherwise utilizing his cell phone at work on the evening of or around the time of the accident, and to get a better sense of when and how decedent used his cell phone. Def.'s Mem. [DE-54] at 7-8. These are all inquiries that "appear[] reasonably calculated to lead to the discovery of admissible evidence" related to the potential defense of contributory negligence. Fed. R. Civ. P. 26(b)(1). Furthermore, seeking records for the month in which the incident at issue occurred is not unreasonable or unduly burdensome, particularly where Plaintiff is not producing the documents but rather is simply providing a release

15

for Defendant to obtain those documents from the service provider. Accordingly, Defendant's motion is allowed with respect to the phone record information. To the extent Plaintiff has not already done so, she shall supplement her responses and provide a written authorization to Defendant to obtain the phone records for February 2012 by no later than **March 20, 2015**.

With respect to the decedent's expense information for the five years prior to his death, Plaintiff contends Defendant has failed to show why this information is relevant and that, in any event, Plaintiff has fully responded to the request by providing decedent's pay, income, and tax records. Pl.'s Resp. [DE-60] at 4-8. Plaintiff asserts that in her deposition she was questioned regarding their bank accounts and who paid what bills during their marriage, and she testified that her husband had a separate bank account at the State Employee Credit Union and she did not believe he had saved more than $1,000.00. *Id.* at 4. Plaintiff did not maintain bank records from the requested time period and no longer maintains accounts at those banks; thus, she asserts that it would be unduly burdensome for her to reconstruct five years of bank records. *Id.* at 5. Finally, Plaintiff asserts that she is not aware of any efforts Defendant has made to subpoena from the bank the information it seeks. *Id.*

Defendant sought the decedent's expense-related financial information through an interrogatory request to which Plaintiff objected on the grounds that it was overly broad, sought irrelevant information, and was unduly burdensome in scope. [DE-53-2] at 17-18. First, the information sought is relevant to damages and is thus discoverable. *See* N.C. Gen. Stat. § 28A-18-2(b)(4)(a) ("Damages recoverable for death by wrongful act include . . . *[n]et* income of decedent[.]") (emphasis added); *Livingston v. United States*, 817 F. Supp. 601, 605 (E.D.N.C. 1993) (holding in the context of a wrongful death claim under North Carolina law that "[e]conomic loss

16

is calculated by the income of the decedent over the greatest of the life expectancies of his survivors, less taxes and consumption.") (citing *Bowen v. Constructors Equip. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973); *Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E.2d 843, *petition den.*, 306 N.C. 744, 295 S.E.2d 480 (1982)); *Reynolds v. United States*, 805 F. Supp. 336, 338-39 (W.D.N.C. 1992) (findings of fact regarding potential damages in Federal Tort Claims Act, which is governed by North Carolina substantive wrongful death statute, reflect reduction of gross wages for taxes and personal consumption). However, the information is not within Plaintiff's custody or control. Plaintiff testified at her deposition that she and the decedent had separate accounts at the State Employee Credit Union, that she paid the mortgage and he paid some utilities and other bills, and that they would each pay for groceries and other expenses such as childcare, but she did not remember exactly what he paid. Dep. of Victoria Taylor [DE-60-4]. Plaintiff has also moved to Illinois, the bank accounts containing the information sought have been closed, she does not possess historical bank records, and Plaintiff no longer banks with the State Employee Credit Union. Pl.'s Resp. [DE-60] at 5.

Plaintiff does not have possession of the records necessary to in order to answer the interrogatory request and no longer has control over the accounts to which the records pertain. Therefore, Plaintiff would be required to request, and perhaps subpoena, the decedent's bank records from the State Employee Credit Union at her expense. The court agrees that this would be unduly burdensome on Plaintiff where the information is not in Plaintiff's possession or control and is equally available to Defendant through a subpoena. *See Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000) (denying motion to compel where there was no evidence that defendant had a legal right to require the non-party to produce the evidence sought, and declining

17

to adopt an "ability to obtain" test in determining control because "[w]hen information is readily attainable through a subpoena duces tecum, no compelling reason exists to expand the definition of control."); *see also S.E.C. v. Strauss*, No. 09-CIV.-4150-RMB/HBP, 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) (unpublished) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source. . . . The protection from having to produce documents that are equally available to the other party is not limited to the public records context.") (collecting cases). However, to the extent she has not already done so, Plaintiff must supplement her interrogatory answer to disclose all institutions within her knowledge where relevant information regarding the decedent's expenses may be found. Accordingly, Defendant's motion to compel decedent's expense information is allowed in part and denied in part. Given the extension of the discovery period, Defendant may seek to obtain this information by subpoena to the appropriate financial institutions.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Modify the Scheduling Order [DE-28] is DENIED AS MOOT, Plaintiff's Motion to Allow Amendment of Deemed Admissions [DE-30] is ALLOWED, Plaintiff's Motion for Leave to Amend the Complaint is [DE-32] ALLOWED, Plaintiff's Motion to Compel [DE-44] is DENIED, Defendant's Motion for Protective Order [DE-47] is ALLOWED, and Defendant's Motion to Compel [DE-53] is ALLOWED IN PART AND DENIED IN PART. Furthermore, the Scheduling Order is AMENDED and other relevant deadlines are set as follows:

(1) Plaintiff shall file her amended complaint no later than **March 13, 2015**, and Defendant shall answer or otherwise respond no later than **April 3, 2015**.

18

(2) Plaintiff shall supplement her discovery as necessary in conformity with the above no later than **March 20, 2015**.

(3) The deadline to complete discovery is **May 13, 2015**, and the deadline to file dispositive motions is **June 12, 2015**.

SO ORDERED, this the **12** day of March 2015.

Robert B. Jones, Jr.
United States Magistrate Judge